UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:15-CR-545 CEJ NAB |
| | ) | |
| EUGENE DOKES AND | ) | |
| KENYOTA DOKES, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).  Defendants Eugene and Kenyota Dokes, husband and wife, were charged by indictment with theft of government funds in violation of 18 U.S.C. §§ 641 and 2. [Doc. #2.]  On February 25, 2016, Defendants filed Motions to Dismiss the Indictment and Defendant Kenyota Dokes filed a Motion to Sever. [Doc. #23, Doc. #24, Doc. #25.]  The Government filed Responses on February 29, 2016. [Doc. #27, Doc. #28, Doc. #29.]  Having considered the briefs of the parties, the undersigned finds that Defendants' motions should be denied.

### DISCUSSION

**Motions to Dismiss the Indictment**

Defendants Eugene and Kenyota Dokes, husband and wife, challenge the sufficiency of the indictment against them.  An indictment is sufficient if: (1) it contains all of the essential elements of the offense charged; (2) it fairly informs the defendant of the charges against which he must defend; and (3) it alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.  *United States v. Fleming*, 8 F.3d

1264, 1265 (8th Cir. 1993). "An indictment is normally sufficient if its language tracks the statutory language." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008).

The indictment alleges that Defendants received disability benefits from the Social Security Administration for Eugene Dokes based on false reports of his condition. In particular, the indictment alleges that in an official report presented to the Social Security Administration on May 10, 2010, Defendants made false claims that Eugene Dokes' condition had worsened. The indictment charges Defendants with four counts of theft of government funds and having aided and abetted one another in their commission:

> On or about the following dates, within the Eastern District of Missouri, the defendants,
>
> **EUGENE DOKES AND KENYOTA DOKES,**
>
> being aided and abetted, counseled and induced by one another, did embezzle, steal, purloin, or knowingly convert to their use, and the use of others, money of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof, to wit: the listed amounts of government funds:
>
> | COUNT | DATE | AMOUNT |
> |---|---|---|
> | 1 | December 3, 2012 | $2,400.00 |
> | 2 | December 3, 2012 | $1,228.00 |
> | 3 | January 3, 2013 | $1,095.00 |
> | 4 | January 3, 2013 | $ 600.00 |
>
> All in violation of Title 18, United States Code, Sections 641 and 2.

[Doc. 2 p. 3-4.]

Defendants contend that the indictment is insufficient because it does not allege any instances of aiding and abetting that fall within the five-year statute of limitations. Defendants argue that the only alleged instance of aiding and abetting occurred on May 10, 2010, more than

2

five years before the indictment was filed on December 10, 2015. They suggest that that the same principle applied to conspiracy charges—that the limitations period begins to run from the occurrence of the last overt act committed in furtherance of the conspiracy—should apply here.

The undersigned finds that the indictment is sufficient. The indictment charges Defendants with the underlying offense of theft of government funds, which allegedly occurred well within the five-year limitations period. In addition, the indictment generally tracks the statutory language of 18 U.S.C. §§ 641 and 2,[1] contains all of the essential elements, and fairly informs Defendants of the charges against them. *Fleming*, 8 F.3d at 1265; *Sewell*, 513 F.3d at 821.

The indictment is not insufficient for failing to allege specific instances of aiding and abetting that fall within the limitations period. "To convict under the aiding and abetting statute, 18 U.S.C. § 2, the government need only prove that the defendant associated himself with the unlawful venture, participated in it as something he wished to bring about, and by his action sought to make the activity succeed." *Id*. "It is well established that a defendant may be convicted of aiding and abetting even though he was not charged in that capacity." *United States v. Clark*, 980 F.2d 1143, 1146 (8th Cir. 1992). Given that the Government need not have charged aiding and abetting to seek a conviction under that theory, the failure to set forth specific instances of aiding and abetting will not render the indictment insufficient. The undersigned recommends that Defendants' motions to dismiss the indictment be denied.

---

[1] Section 641 criminalizes "[w]hoever embezzles, steals, purloins, or knowingly converts to his use or the use of another … money … of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof." 18 U.S.C. § 641. Section 2 provides that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a).

**Motion to Sever**

Defendant Kenyota Dokes moves to sever her case from her husband's, arguing that she would be prejudiced by a joint trial.  A court may grant severance of defendants for separate trials if a joint trial "appears to prejudice" one of the parties. Fed. R. Crim. P. 14(a).  A motion for severance "is addressed to the sound discretion of the trial court." *United States v. Anthony*, 565 F.2d 533, 538 (8th Cir. 1977).  "The trial court must balance the inconvenience and expense of separate trials against the prejudice to the codefendants of a joint trial." *Id*.  "[T]here is a strong presumption against severing trials." *United States v. Kramer*, 768 F.3d 766, 770 (8th Cir. 2014).  "To grant a motion for severance, the necessary prejudice must be 'severe or compelling.'" *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003) (quoting *United States v. Warfield*, 97 F.3d 1014, 1018 (8th Cir. 1996)).

"[G]enerally defendants 'charged in a conspiracy should be tried together, particularly where proof of the charges against the defendants is based upon the same evidence and acts.'" *United States v. Frank*, 354 F.3d 910, 920 (8th Cir. 2004) (quoting *United States v. Boyd,* 610 F.2d 521, 525 (8th Cir. 1979));  *United States v. Darden*, 70 F.3d 1507, 1527 (8th Cir. 1995) ("The United States has a strong interest in the joint trial of the members of a criminal enterprise.").  Where a criminal enterprise is concerned, joint trials "save money for the courts, prosecutors, and witnesses." *Darden*, 70 F.3d at 1527.  "Most importantly … justice is best served by trying the members … together because a joint trial gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." *Id.* at 1527-28 (internal quotations omitted).

A district court may depart from the general rule that members of a conspiracy or criminal enterprise should be tried together "only upon defendant's showing of real prejudice,

4

which may be demonstrated by showing either that the defendants' defenses are irreconcilable or that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *Frank*, 354 F.3d at 920 (internal quotations omitted). "The burden of showing a clear likelihood of prejudice falls on the party seeking severance." *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006). "What is required for a severance is a specific showing that a jury could not reasonably be expected to compartmentalize the evidence." *Id.*

Kenyota Dokes contends that she will be prejudiced by a joint trial because her husband owed a greater duty to the Social Security Administration as the applicant for benefits and the Government has a substantially stronger case against him. She argues that, as a result of his greater duty, evidence that is admissible against him will be inadmissible against her and a jury could attribute his duty to her merely because she is his wife. She also contends that a joint trial would violate the marital communications privilege should either she or her husband testify. Finally, she contends that her husband may exercise his privilege against self-incrimination, denying her the ability to cross-examine him in violation of *Bruton v. United States*.[2]

Kenyota Dokes' claim of prejudice is speculative and insufficient to overcome the strong presumption in favor of a joint trial. *Hively*, 437 F.3d at 765. Severance is not required simply because the evidence against a co-defendant is more damaging, *United States v. Pou*, 953 F.2d 363, 369 (8th Cir. 1992); the defendant's role in the conspiracy is minor, *United States v. Pecina*, 956 F.2d 186, 188 (8th Cir. 1992); or all of the evidence will not be admissible against all co-defendants, *United States v. Sparks,* 949 F.2d 1023, 1027 (8th Cir. 1991).

In addition, there is reason to doubt whether the Government's case against Kenyota Dokes differs substantially from that against her husband. Section 641 does not require that

---

[2] 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

government funds "be acquired through any particular relationship." *United States v. Smith*, 373 F.3d 561, 566 (4th Cir. 2004) (citing *United States v. Miller*, 520 F.2d 1208, 1211 (9th Cir. 1975) ("Section 641 is not limited to persons who come into possession of property by virtue of a particular fiduciary relationship.")). Kenyota Dokes concedes that both she and her husband were under a duty to be truthful in their representations to the Social Security Administration and the Government has indicated it intends to introduce evidence that both defendants made similar false statements.

Finally, Kenyota Dokes' claims are speculative. She has made no showing as to what evidence might be admitted against her husband but not against her and how admission of that evidence would prejudice her. Her assertions regarding marital privilege are also unsupported. She has not shown, for example, that her testimony would exculpate her but might implicate her husband. *See United States v. Binns*, No. 406-CR-220 SNL, 2007 WL 120706, at *8 (E.D. Mo. Jan. 11, 2007) (rejecting similar claim that co-defendant spouse would be prejudiced as speculative). Lastly, she has made no showing that a *Bruton*[3] issue will arise in this case. *See United States v. Toney*, 161 F.R.D. 77, 85 (N.D. Iowa 1995) (rejecting claim of prejudice based on *Bruton* as premature). Therefore, Kenyota Dokes has not met her burden to show a clear likelihood of prejudice. *Hively*, 437 F.3d at 765.

For the foregoing reasons, the undersigned recommends that Defendants' motions be denied. With regard to Defendant Kenyota Dokes' motion to sever, the undersigned recommends that the motion be denied without prejudice so that she may renew the motion should a clear likelihood of prejudice arise in the future.

---

[3] In *Bruton,* the Supreme Court held that a defendant's right to confront witnesses is violated by the introduction of a non-testifying co-defendant's confession which implicates the defendant in the crime. 391 U.S. 123, 125-26, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

6

**ACCORDINGLY,**

**IT IS HEREBY RECOMMENDED** that Defendants' Motions to Dismiss the Indictment [Doc. #23, Doc. #25] should be **DENIED.**

**IT IS FURTHER RECOMMENDED** that Defendant Kenyota Dokes' Motion to Sever [Doc. #24] should be **DENIED without prejudice.**

The parties are advised that they have fourteen (14) days in which to filed written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Failure to timely file objections may result in a waiver of the right to appeal questions of fact.

Dated this 30th day of March, 2016.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE