IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 4:15-CR-00545-CEJ-NAB |
| | ) | |
| KENYOTA DOKES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT KENYOTA DOKES' OBJECTIONS TO REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE**

Comes now, Defendant, Kenyota Dokes (hereinafter "K. Dokes"), by and through

counsel, pursuant to 28 U.S.C. §636(b)(1) and files the following objections to the Report and

Recommendation of Magistrate Judge filed on March 30, 2016:

**Motion to Dismiss**

1.     The magistrate recommends that K. Dokes' Motion to Dismiss the Indictment be

denied, finding that the indictment is sufficient and that the acts alleged fall within the applicable

limitations period.

2.     However, the Indictment fails to allege the essential elements of the crimes

charged.

3.   Additionally, the Indictment alleges only one action taken by this defendant

related to the Social Security disability benefits her husband received.  Specifically, it alleges that

in an official report to the Social Security Administration dated May 10, 2010, this defendant

allegedly made certain representations regarding her husband, Eugene Dokes, thereby aiding and

abetting her husband as alleged in the Indictment, an act that occurred outside the 5-year limitation

period.

**Motion to Sever**

4.   As to K. Dokes' Motion to Sever, the Magistrate recommended that the motion be denied without prejudice so that K. Dokes may renew it should a clear likelihood of prejudice arise in the future.

5.   K. Dokes acknowledges, as she did in her initial motion, that to grant a motion for severance, "the necessary prejudice must be severe or compelling." *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003).

6.   However, K. Dokes should not have to wait until this prejudice occurs at trial, when it is too late, for severance.

7.   Eugene Dokes applied for Social Security disability benefits, not K. Dokes.  As a result, he allegedly owed certain duties to the Social Security Administration that were not owed by her.  By way of example, when applying for Social Security disability benefits, Eugene Dokes allegedly agreed to notify the Social Security Administration if (1) his medical condition improved so that he was able to work, even if he had not returned to work, or (2) if he went to work whether as an employee or self-employed person.

8.   K. Dokes had no similar duty to report any change of circumstances to the Social Security Administration.

9.   As a result, evidence admissible against Eugene Dokes would be inadmissible against K. Dokes.

10. The Indictment alleges that K. Dokes made certain representations to the Social Security Administration in May, 2010.  Even if these representations were true in May 2010

when K. Dokes made them, a jury could convict her based solely upon Eugene Dokes' duty to report any change of circumstances because they are husband and wife, even though K. Dokes did not have a similar duty, resulting in severe and compelling prejudice.

11. Additionally, a joint trial in this case would violate the marital confidential communications privilege should either spouse testify at trial.  Similarly, during trial Eugene Dokes may exercise his privilege against self-incrimination, which will deny K. Dokes of her ability to cross-examine him. A defendant is entitled to a separate trial to avoid the prejudice of not being able to cross examine a declarant. *Bruton v. United States*, 391 U.S. 123, 136 (1968).

**General Objection**

12. Without waiver of the foregoing objections, Defendant further objects to each and every finding, order and recommendation made by the Magistrate in the Report and Recommendation of Magistrate Judge entered on March 30, 2016.

WHEREFORE, this Court should reconsider these rulings because clearly erroneous and/or contrary to law.

Respectfully submitted,

PLEBAN & PETRUSKA LAW, LLC

By:  /s/ J.C. Pleban
J.C. Pleban, Mo. Bar No. 63166
jc@plebanlaw.com
Lynette M. Petruska, Mo. Bar No. 41212
lpetruska@plebanlaw.com
2010 S. Big Bend Blvd.
St. Louis, MO 63117
(314) 645-6666
(314) 645-7376 FAX

Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on April 13, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification to the following:  Tracy Lynn Berry, Assistant United States Attorney and Richard Sindel, attorney for Defendant Eugene Dokes.


                                                     /s/ J.C. Pleban_____

4